Nott, J.,
dissenting:
The right of the claimant to recover in this case need not rest upon the transfer given by the claimant in New York to his friend in Savannah on the 20th May, 1861; but I think it sufficient, and that the claimant should recover, for the following reasons:
I. In an international war the citizens of each country become instantly the enemies of the citizens of the other; all intercourse between them is illegal, and all transactions are void. In a civil war the same principle is applicable, but not to the same extent. The loyal citizen cannot say wheu and where the state of war begins and is. Moreover, it was all his own country, and he went not with the risks of an alien when he went into what afterward became an insurrectionary part. In this instance, his government was in the same doubt. As appeared in the Reeside Mail Contract Case, (2 C. Cls. R., p. 481,) it was not till the 27th May, 1861, that the Postmaster General ordered *595 tbe postal service to be discontinued with Georgia, and then the order was prospective and not to take effect till the Hist. lion constat but that this deed or transfer of the claimant’s went by the government mail; indeed, there is little doubt but it did. It were a great absurdity to say that the government ran mails for the promotion of forbidden intercourse between its citizens and its enemies. A more just application of the doctrine of non-intercourse will be to hold that non-intercourse began in strictissimiwith the statute forbidding, and that, until the statute, a loyal citizen in the North might try to save his property in the Sou th. The .courts of the Confederate States might well hold this transfer to be void, for it was made to injure the Confederate government. But neither the purpose nor the effect of the transfer was to injure the United States, and the courts of the United States should not apply a principle of international law in favor of an insurrectionary government and against their own citizens.
II. The transfer from the claimant to Mr. Cohen did not constitute an agency but a trust. The purpose for which it was created was to prevent the property of a loyal northern citizen from being seized by the rebel government. The purpose was commendable and lawful. -It then became the duty of the trustee to collect the avails of the transferred estate and to save them by judicious investmént. This he did and nothing more. From the time of the enactment of the non-intercourse act the claimant rigidly abstained from all intercourse with Mr. Cohen, and his case does not come within the decision of the Supreme Court in Grossmeyer’s Case.
III. The investment of the trust funds in property owned by the trustee was voidable, not void. Its good faith is shown by the fact that the trustee, a commission merchant, turned over the recently purchased property at its cost, adding only thereto his expenses and ordinary commissions. The transaction might be questioned by the beneftciary, but by no one else. ' _ •
IY. The reporting of the captured property by the trustee in the name of and as the property of the claimant, followed by the claimant’s acceptance, was a sufficient transfer of the legal estate to the party holding the equitable, and constitutes the claimant the. owner within the meaning of the Abandoned or eap-tured property act.